IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ZACK PUTMAN,

    Plaintiff,

v.                                                     No. 1:22-cv-01144-JDB-jay

CAPTAIN THOMAS LANGFORD,
 *et al.*,

    Defendants.

---

ORDER GRANTING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL OF
FEDERAL CLAIMS AND DISMISSING CASE IN ITS ENTIRETY WITHOUT PREJUDICE

---

This action was initially brought in the Circuit Court for Dyer County, Tennessee, by the pro se Plaintiff, Zack Putman, against the Defendants, Captain Thomas Langford; the City of Dyersburg, Tennessee; Mayor John Holden; Willie Cole; James Baltimore; Ricky Hammond; Dennis Moody; Mary Claire Hopper; and Chief Steven Isbell, on June 6, 2022. (Docket Entry ("D.E.") 1-2.) The complaint alleged violation of Putman's rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, as well as state law claims for intentional infliction of emotional distress. On July 5, 2022, the Defendants removed the matter to this Court on 28 U.S.C. § 1331 grounds.[1] In a filing docketed July 14, 2022, Plaintiff sought an order from the Court granting voluntary dismissal of his § 1983 claims in accordance with Rule 41(a) of the Federal Rules of Civil Procedure. (D.E. 8.)

---

[1] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The rule provides for voluntary dismissal of an action at a plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As it appears to the Court that Putman no longer wishes to pursue his § 1983 claims, his request for voluntary dismissal thereof is GRANTED.

This leaves Plaintiff's supplemental state claims for intentional infliction of emotional distress pending before the Court. Under 28 U.S.C. § 1367(c), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"[2] Courts in this circuit have noted that, "when a federal court dismisses all pending federal claims before trial, . . . it is usually best to allow the state courts to decide state issues." *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *petition for cert. docketed* (U.S. Feb. 1, 2022) (No. 21A382); *see also Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) ("Once a federal court no longer has federal claims to resolve, it should not ordinarily reach the plaintiff's state-law claims."); *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 763 (6th Cir. 2020) (recognizing the "settled rule that when a district court dismisses all claims over which it has original jurisdiction . . ., it may also dismiss any state-law claims before it based on supplemental jurisdiction"), *cert. denied*, 141 S. Ct. 2753 (2021). As the federal claims in this matter have been voluntarily dismissed herein, Plaintiff's state law claims are also DISMISSED.

---

[2] In addition to the original jurisdiction bestowed by § 1331, *see supra* n.1, the district courts have original jurisdiction over civil actions in which there is diversity of citizenship pursuant to 28 U.S.C. § 1332. However, it does not appear from the record that the instant action is between citizens of different states. *See* 28 U.S.C. § 1332(a).

3

IT IS SO ORDERED this 19th day of July 2022.

                                         s/ J. DANIEL BREEN
                                         UNITED STATES DISTRICT JUDGE